B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>Walter J. Eno, pro se | **DEFENDANTS**<br><br>Nancy E. McGinn |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>6 Colonel Dow Drive<br>Scarborough, ME 04074    207-732-5055 | **ATTORNEYS** (If Known)<br>Michael F. Suarez<br>258 Main St. Suite D-2<br>Buzzards Bay MA 02532    508-759-9399 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

To determine the dischargeability of a debt pursant to 11 U.S.C. Sect. 523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 135,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Nancy E. McGinn | BANKRUPTCY CASE NO.<br>19-11794 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Boston | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Walter J. Eno | DEFENDANT<br>Nancy E. McGinn | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Boston | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Walter J. Eno* (signature) | | |
| DATE<br>July 30, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Walter J. Eno, pro se | |

*[Stamp: 2019 AUG -1 PM 2:12 U.S. BANKRUPTCY COURT]*

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

*U.S. BANKRUPTCY COURT*
*2019 AUG -1  P 2: 12*

In re:                          Chapter 7

Nancy E. McGinn,                Case No. 19-11794

                                Adv. No:

Debtor.                         COMPLAINT FOR:

                                NON-DISCHARGEABILITY OF DEBT
                                PURSUANT TO 11 U.S.C. § 523 (a)(6).


Walter J. Eno, pro se,

    Plaintiff,

vs,

Nancy E. McGinn,

    Defendant.

## NATURE OF THE ACTION

1. This is an adversary proceeding by the Plaintiff to block the Defendant from voiding or nullifying a damages award of $135,000 by the Brockton Superior Court to the Plaintiff on March 28, 2019, ordering her to pay that amount to the Plaintiff. This proceeding is predicated on the non-dischargeability of that debt in accordance with federal law.

## JURISDICTION AND VENUE

2. This court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to U.S.C. § 1408 and 1409. The Plaintiff's action regarding dischargeability of particular debts and objection to discharge is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

## PLAINTIFF CLARIFICATION

3. The Plaintiff in the original court proceeding which gave rise to this complaint was Gregory Eno, deceased, the son of the current Plaintiff, Walter J. Eno, who was approved as the amended Plaintiff by the Plymouth Superior Court on November 11, 2018.

## RELEVANT FACTS

4. On May 27, 2019, the Defendant filed a petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code, and an order for relief was entered on that date. When Defendant filed her petition, she was the the named person against whom civil action No. 9783CV14231/2B, Finding and Order For Approval of Attachment of Wages, in the amount of $135,000, issued by the Brockton Superior Court on March 28, 2019. (True copy enclosed together with copy of Writ of Attachment of Wages.)

5. The origins of this unusual case go back twenty-five years to December 3,1994 in Buzzards Bay, Massachusetts, when the Defendant drove her car over Gregory Eno, not once but three times, without provocation, then fled the scene after puncturing his lungs, crushing his ribs and rupturing his spine, leaving him totally disabled to die on the street. He lived the rest of his life in pain and poverty, never having heard from her again.

6. In July 1995 the Barnstable Criminal Court found the Defendant guilty of Leaving the Scene of Personal Injury and two related offenses.

7. In the year 2000 the Plymouth Superior Court issued a damages award to Gregory Eno against the Defendant in the amount of $1,350,000. The Defendant failed to appear at the pre-trial hearing.

8. The Defendant could not be found for the next 17 years, frequently changing her place of residence.

9. In April 2017, after Gregory Eno's death in 2015, the Plaintiff found the Defendant by chance, employed at the Massachusetts Maritime Academy as an administrative assistant.

10. After a constable served the writ for damages award on the Defendant, the Plaintiff wrote to her offering to satisfy the $1,350,000 debt in full if she would donate $13,500 to St. Margaret's Elementary School in Buzzards Bay in memory of Gregory Eno. She refused the offer, made no counter-offer and neither apologized nor expressed any regret for her actions.

11. In August 2018, after the Plaintiff had obtained designation by the Maine Probate Court as the Personal Representative of Gregory Eno's meager estate, he commenced a court action against the Defendant, seeking partial payment of the $1,350,000 damages award.

12. At a Superior Court hearing on 03/07/19, the Court, after examining the Defendant's expense-inflated 2017 Financial Statement, which had been introduced to support her claim of being "financially unable to meet my demands," issued on 03/28/19 a Finding and Order for Approval of Wages against the Defendant in the amount of $135,000, far exceeding the Plaintiff's settlement request of $35,000 - $40,500 at the hearing.

13. The Court wrote in its decision that: "... there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment approved herein over and above any liability insurance shown by the defendant to be available to satisfy the judgment" - usually to be garnished from an employee's wages in scheduled payments limited by law to fifteen percent of disposable income.

14. The Defendant has not disputed, appealed or paid a dime of restitution to comply with either of the two damages awards, but has sufficient money to pay attorney fees.

15. Now comes the Defendant, hard on the heels of swearing before the Court that she owes the Plaintiff nothing, asserting that she owes him $4,000,000, and petitioning for bankruptcy after the same Court found that she had ample means to pay him $135,000. ("What a tangled web we weave when first we practice to deceive.")

16. At the Creditor's Meeting held in New Bedford on 07/02/19 the Plaintiff posed this question to the Defendant: "In order to bring closure to this twenty-five year old matter, I am today willing to agree to a settlement in full of any and all of the damages awards against you, including forgiving the hundreds of thousands of dollars you say that you owe me, as well as sparing you any negative effects of bankruptcy, in return for your paying me $35,000 - that's one-fourth of the March 28 Superior Court Order for Attachment of your wages. Will you accept this extraordinarily generous offer, Ms. McGinn?" The Defendant has not responded to date.

(However, in making this offer the Plaintiff, is not withdrawing or reducing his claim that the Defendant owes him $135,000; that was an out-of-court settlement offer for $35,000, contingent on the Defendant's accepting it without further negotiations or litigation.)

## A MANUFACTURED DEBT

17. The Defendant filed for bankruptcy on 05/27/19, claiming on Bankruptcy Form 106E/F that she owes the Plaintiff $4,000,000.00, and that this debt was incurred in 1994, both of which statements are false. The first debt that she incurred to Gregory Eno, the original Plaintiff, was in January 2000, not 1994, and the amount was $1,350,000, not $4,000,000.00. The year 2000 debt was superseded by the March 2019 debt of $135,000 awarded to the amended Plaintiff, Walter Eno, because Gregory Eno had died in 2015.

18. Curiously, the Defendant failed to list the year $1,350,000 debt or any other debt to the Plaintiff on the aforementioned Financial Statement, although both she and her attorney swore in writing that the information contained on the statement was "complete, true and accurate" - a misrepresentation by omission, indicative of the Defendant's state of mind re the debt.

19. Although the Defendant may have arrived at the four-million dollar figure by throwing numbers at a wall to see which might stick, it seems more likely that it came about by conflating the amounts of two damages awards - $1,350,000 and $135, 000 - and adding the $487,151.36 Writ of Money Judgment on 05/10/19, which the Plaintiff has been informed consists of the $135,000 award and accumulated interest from date of the assessment of the original year 2000 damages award.

20. The Plaintiff has neither included interest in any settlement offer to the Defendant, nor has he asked her for an amount that is not well within her means to pay - as the Court affirmed on 03/28/19.

21. If the Defendant had a good faith interest in paying a small fraction of her alleged huge debt, she would have since accepted the Plaintiff's aforementioned generous offer and promptly amended her debt claim on Form 106E/F from $4,000,000 to $ 35,000 or withdrawn her petition for bankruptcy.

22. Since the Defendant's principal creditor has indicated that he is willing to agree to a settlement of her alleged huge debt to him for an amount equivalent to about half of her yearly wages, and she lists a modest amount of other debt, there is no rational basis on which her petition for bankruptcy can go forward. She earns a comfortable salary in a secure position, and has no dependents.

Document    Page 6 of 10

23.     By petitioning for bankruptcy the Defendant seeks to circumvent the Massachusetts Court system, erase the past and escape the consequences of her criminal behavior, discarding any pretense of integrity, compassion or respect for the law.

24.     The above examples illustrate the Defendant's twenty-year pattern of no-show, non-compliance with Court orders and a callous indifference to the suffering and emotional distress resulting from her vehicular mayhem - including drawing this ninety-four year old WWII veteran into a legal quagmire to achieve justice for his son - but her most egregious misbehavior was to willfully and maliciously injure Gregory Eno and ruin his life.

## THE LEGAL STANDARD FOR WILLFUL AND MALICIOUS INJURY

25.     The legal standard for "willful and malicious injury to another person" was clarified in Kawaauhau vs. Geiger, 523 U.S. 57, a case which came before the U.S. Supreme Court in 1998. The Court determined that in order to meet the standard of "willful and malicious," the injury must include both intent and a subjective knowledge that injury is substantially certain to result; deliberate and intentional injury is required, not merely a deliberate and intentional act that leads to injury.

26.     Section 523(a)(6) of the Bankruptcy Code provides that a debt "for willful and malicious injury by the debtor to another" is exempt from discharge: 11 U.S.C. § 523(a)(6). In December 1994 the Defendant, Nancy E. McGinn, drove her vehicle over the body of Gregory Eno three times, the last as he lay prostrate and half-conscious on the street. Her intention was to do him deadly harm, subjectively knowing that her actions would cause him grievous injury; she did this with malice and without just cause or excuse.

27.     The Defendant then fled the scene, leaving Gregory Eno with life-threatening injuries to die on the street. With the assistance of bystanders, the victim was subsequently airlifted to the Boston Medical Center where he underwent emergency surgery to treat injuries which left him totally disabled.

28.     A Mrs. Bridget Sprague was an eyewitness to that ugly event, and in a recorded interview she gave a complete and detailed account of what occurred at that time and place. In that seven-page account she provides a vivid description of the Defendant driving over Gregory Eno the third time: "... and then she put it in reverse and went back over him again. And then she got out and and looked at him and then she got back into her car and she proceeded to drive over him again as she was leaving. And then she just took off." "... and that's the part that blew my mind. "... the part that just got to me was she just continued to drive over this man..." (Mrs. Sprague, who lives in Sandwich, Massachusetts, is available to confirm witness to the Defendant's intentional injury to Gregory Eno on 12/3/94.)

29.     At an undated pretrial hearing to the 11/11/99 assessment of damages proceeding, which the Defendant did not attend, Gregory Eno described the injury that she inflicted on him in December 1994: "... Ms. McGinn looked forward saw it was clear and drove over me. After she ran over me, she then backed up and ran over me again. I was horizontal under her car with my head near the curve (curb?). I couldn't talk because I had no air in my lungs because they were crushed but I was trying to say "not again, please, not again." Then I heard the motor rev up and I could feel my body rolling across the tar under her car for the third time. ...She knew what she was doing when she ran over me the third time... She just wanted to get away and did not care if she had killed me." (The Plaintiff has a copy of his testimony.)

7.

30.    §523(a)(19)(B)(iii) of the Bankruptcy Code also allows certain exceptions to the discharge of debt of court orders for damages awards or restitution owed by the debtor.

31.    In M.G.L. c. 265 § 15A , a felony charge of Assault And Battery With A Dangerous Weapon Causing Serious Injury carries up to 15 years in prison and a $10,000 fine. A dangerous weapon ranges from a knife, to a car, to a glass, to a shod foot. "Serious Bodily Injury" means, in addition to bodily impairments, a substantial risk of death.

32.    Title 17-A of the Maine Criminal Code specifies that that a person is guilty of Elevated Aggravated Assault if that person causes serious injury to another person with the use of a dangerous weapon. It is a Class A felony punishable with up to 30 years in prison.

## CLAIM FOR GRANTING NON-DISCHARGEABILITY OF DEBT

33.    Plaintiff adopts, includes by reference, and alleges all of the doings, places and circumstances by the individuals herein named under the numbered paragraphs of this complaint.

34.    Pursuant to §523(a)(6) of the United States Bankruptcy Code - Exceptions to Discharge, a debt incurred by a debtor "for willful and malicious injury by the debtor to another entity or property" is non-dischargeable.

35.    On December 3,1994 in Buzzards Bay, Massachusetts, the Defendant, Nancy E. McGinn, inflicted willful and malicious injury on the person of Gregory R. Eno with her vehicle, and then fled the scene of the injury, leaving him totally disabled.

36.    Said injury was witnessed by Mrs. Bridget Sprague of Sandwich, Massachusetts, and later recorded. Gregory Eno, the victim, also testified in court regarding his injuries at the hands of the Defendant.

37.    The Defendant's injury to Gregory Eno meets the legal standard of "willful and malicious," as defined by the U.S. Supreme Court.

## PRAYER FOR GRANTING NON-DISCHARGEABILITY

Wherefore, Plaintiff respectfully requests that this Court enter a judgment determining that the amount of $135,000 awarded by the Brockton Superior Court to the Plaintiff, Walter J. Eno, against the Debtor, Nancy E. McGinn, on March 28, 2019, is not dischargeable under Bankruptcy Code §523(a)(6), and granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 30, 2019

Walter J. Eno, pro se
6 Colonel Dow Dr.
Scarborough, Me. 04074
207 632 5055 email wje1924@icloud.com

5.

COMMONWEALTH OF MASSACHUSETTS

(SEAL)

PLYMOUTH, ss.

SUPERIOR COURT
CIVIL ACTION
No. 9783CV1423 ½ B

_Walter J. Eno_ Plaintiff (s)

vs

_Nancy E. McGinn_ Defendant (s)

FINDING AND ORDER FOR APPROVAL
OF ATTACHMENT OF Wages

This cause came on to be heard after notice and opportunity to be heard, upon a motion for approval of attachment, and thereupon, upon consideration thereof, the Court hereby finds that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment approved herein over and above any liability insurance shown by the defendant to be available to satisfy the judgment.

Therefore, the Court hereby approves attachment in the amount of $ _135,000_
_(One Hundred Thirty-Five Thousand Dollars)_

_____
Justice of the Superior Court

Entered: _3/28/19_

A TRUE COPY ATTEST

_____
Clerk of Courts

| WRIT OF ATTACHMENT OF WAGES | DOCKET NUMBER 9783CV1423½B | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Walter J. Eno  vs  Nancy E. McGinn | | Robert S. Creedon, Jr.  Clerk of Courts Plymouth  County |
| TO: THE SHERIFFS of our several counties or their deputies: | | COURT NAME & ADDRESS Plymouth Superior Court 72 Belmont Street Brockton, MA 02301 |

| DATE COMPLAINT WAS FILED | DATE ATTACHMENT APPROVED | ATTACHMENT AMOUNT | JUDGE APPROVING ATTACHMENT |
|---|---|---|---|
| 11/07/1997 | 03/28/2019 | $135,000.00 | Robert J. Cosgrove, Justice |

Pursuant to Mass. R. Civ. P. 4.1, **WE COMMAND YOU** to attach the  WAGES  of defendant  Nancy E. McGinn  of  Buzzards Bay, Massachusetts  to the value of $ 135,000.00 *  the amount authorized by the court and requested by the plaintiff  Walter Eno  of  Scarborough, Maine  who is a Self Represented Pro Se Plaintiff of  Scarborough, Maine  in an action brought by said plaintiff against the defendant in this court, and make due return of this writ with your doings thereon.

X_____
Clerk

*Per Findings and Order for Approval of Attachment of Wages (Cosgrove, J.) 3/28/19

| DATE ISSUED | WITNESS | CLERK | SESSION PHONE # |
|---|---|---|---|
| 03/28/2019 | Judith Fabricant, Chief Justice | Robert S. Creedon, Jr. | (508) 583-8250 |

RETURN OF SERVICE



Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

May 16, 2019

I hereby certify and return that on 5/2/2019 at 9:11 AM I served a true and attested copy of the Writ of Attach. - of Wages (Serve Only) in this action in the following manner: To wit, by delivering in hand to Jenny Hedderman, agent and person in charge at the time of service for Nancy E. McGinn, at McCormack Building - Comptroller Office 1 Ashburton Place #901 Boston, MA 02108 . Attest/Copies ($5.00) Postage and Handling ($1.00) Travel ($20.16) Basic Service Fee (IH) ($30.00) Total: $56.16

Deputy Sheriff   Robert Foscaldo

_____
*Deputy Sheriff*