## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
)
**In the Matter of:**                                )                    **Chapter 7**
                                                     )                    **Case No. 19-11794 MSH**
                                                     )
**NANCY ELLEN MCGINN**                               )
    **Debtor**                                         )
                                                     )
_____ )
                                                     )          **Adversary Proceeding No.:19-01090 MSH**
**WALTER J. ENO**                                    )
       **Plaintiff**                                )
                                                     )
     **v.**                                             )
                                                     )
**NANCY E. MCGINN,**                                 )
      **Defendant**                                )
                                                     )
_____)


## ANSWER TO COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(6)


COMES NOW the Defendant, Nancy Ellen McGinn, by and through her attorney of record, and for her Answer to the Plaintiff's Complaint Seeking Exception to Discharge Pursuant to 11 U.S.C. § 523 (a)(6) states, denies and alleges as follows:

1.      This paragraph states a conclusion of law to which no response is required.  To the extent a response is required, denied.

2.      This paragraph states a conclusion of law to which no response is required.  To the extent a response is required, admitted.

3.      Defendant lacks sufficient information to admit or deny the averments contained within this paragraph and therefore denies the same.

4.      Admitted.

1

5.      Denied.

6.      Denied.

7.      Defendant lacks sufficient information to admit or deny the averments contained within this paragraph, as Defendant was never served with the Plymouth Superior Court lawsuit and therefore denies the same.

8.      Denied.

9.      Defendant lacks sufficient information to admit or deny the averments contained within this paragraph and therefore denies the same.

10.      Denied.

11.      Defendant lacks sufficient information to admit or deny the averments contained within this paragraph and therefore denies the same.

12.      Denied.

13.      No response is required as the document speaks for itself.

14.      Denied.

15.      Denied.

16.      This paragraph requires no answer, as it is mainly opinion and editorializing by the Plaintiff.

17.      Denied.

18.      Denied.

19.      Denied.

20.      Denied.

21.      Denied.

22.      Denied.

23.     This paragraph requires no answer, as it is mainly opinion and editorializing by the Plaintiff.

24.     This paragraph requires no answer, as it is mainly opinion and editorializing by the Plaintiff.  To the extent the averments require an answer, denied.

25.     This paragraph states a conclusion of law to which no response is required.

26.     This paragraph states a conclusion of law to which no response is required.  To the extent a response is required, denied.  Answering further, states that Plaintiff's statements are redundant, and contain scandalous material and otherwise do not confirm to the Rules of Pleading.

27.     Denied.

28.     Denied.

29.     Defendant lacks sufficient information to admit or deny the averments contained within this paragraph, as Defendant was never served with the Plymouth Superior Court lawsuit and therefore denies the same.

30.     This paragraph states a conclusion of law to which no response is required.

31.     This paragraph states a conclusion of law to which no response is required.

32.     This paragraph states a conclusion of law to which no response is required.

33.     Requires no answer.

34.    This paragraph states a conclusion of law to which no response is required.

35.    Denied.

36.    Denied.

37.    Denied.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim must be dismissed for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim must be dismissed for lack of standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim must be dismissed for want of jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by principles of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has waived any rights he may have had to bring his claim.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff will be unjustly enriched if he is allowed to prevail on his claim.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently serve Defendant with process.

## NINTH AFFIRMATIVE DEFENSE

Affirmatively alleges that Defendant should be entitled to and awarded attorney

fees and costs in this consumer bankruptcy case pursuant to 11 U.S.C. § 523(d).

WHEREFORE, Defendant prays that the Court enter an ORDER dismissing the

adversary proceeding for the reasons set forth herein, awarding costs to include attorney

fees pursuant to 11 U.S.C. §523 (d), and for such other and further relief as deemed

appropriate by the Court.

Dated September 3, 2019        Respectfully submitted,
Nancy Ellen McGinn, Defendant,
By her Attorney,
/s/ Jennifer D. Joakim 645113
Jennifer D. Joakim, Esq. 645113
Attorney for the Debtor
71 Route 6A, Suite 3
P.O. Box 148
Sandwich, MA 02563
(402) 784-2202
Atyjdj@aol.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served upon the
following by first class mail on this 3rd  day of September, 2019:

Walter J. Eno
6 Colonel Dow Drive
Scarborough, ME 04074


/s/ Jennifer D. Joakim #645113
Attorney of Record

5