**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(Boston)**

| | |
|---|---|
| **In the Matter of:** | **Chapter 7**<br>**Case No. 19-11794 MSH** |
| **NANCY ELLEN MCGINN,**<br>    **Debtor.** | |
| **WALTER J. ENO,**<br>    **Plaintiff,** | **Adversary Proceeding No.: 19-01090 MSH** |
| **v.** | |
| **NANCY E. MCGINN,**<br>    **Defendant.** | |

**MOTION PURSUANT TO RULE 807 OF THE**
**FEDERAL RULES OF EVIDENCE TO ADMIT CERTAIN STATEMENTS OF**
**GREGORY ENO (DECEASED) THROUGH ATTORNEY CHRISTOPHER MATHERS**

Plaintiff Walter J. Eno ("Plaintiff"), by and through his attorney, hereby files the

foregoing motion pursuant to Rule 807 of the Federal Rules of Evidence ("Rule 807"), made

applicable to this adversary proceeding by Rule 9017 of the Federal Rules of Bankruptcy

Procedure, to admit certain statements that Plaintiff's now-deceased son, Gregory Eno

("Gregory"), made to his attorney, Christopher Mathers ("Attorney Mathers").

In particular, Plaintiff seeks to question Attorney Mathers concerning what Gregory may

have told him concerning (i) the incident that occurred on December 3, 1994, including that

Gregory saw Defendant Nancy E. McGinn ("Defendant") drinking in the bar just moments prior

to the incident, (ii) the civil suit they brought together against Defendant in 1997, including

Defendant's retention of counsel in that action and the counterclaim she brought against him, and

(iii) Defendant's default and evasion of detection for nearly twenty years.

Pursuant to Rule 807(a), "a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804 [if] (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a).

Additionally, in order for Rule 807(a) to except what would otherwise be hearsay from exclusion, Rule 807(b) requires that "the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name— so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b).

Attorney Mathers surely has personal knowledge concerning the topics set forth above. Thus, his testimony may not include any hearsay statements, rendering this motion unnecessary. However, in an abundance of caution, Plaintiff files this motion to ensure the admissibility of this important testimony. This motion is intended to provide Defendant with "reasonable notice" of Plaintiff's intent to elicit these statements through Attorney Mathers on direct examination.

Pursuant to Rule 807(a), Attorney Mathers should be permitted to testify as to what Gregory might have told him concerning the topics identified above. The statements are supported by "sufficient guarantees of trustworthiness", including Attorney Mathers' stellar reputation built over 43 years as an officer of the court in good standing and his lack of financial or personal interest in the outcome of this case. Moreover, Attorney Mathers' testimony as to what Gregory may have told him is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." The incident occurred almost 27 years ago, and Gregory died in 2015.

WHEREFORE, Plaintiff seeks an order confirming that, to the extent any statements

made by Attorney Mathers concerning the topics set forth above would otherwise constitute

inadmissible hearsay, (i) Plaintiff has provided "reasonable notice of [his] intent to offer [such]

statement[s]" as required by Rule 807(b), and (ii) such statements are admissible pursuant to

Rule 807(a).


                                        Respectfully submitted,

                                        WALTER J. ENO,

                                        By his Attorney,

September 20, 2021                      /s/      *Nathaniel R.B. Koslof*
                                        Nathaniel R.B. Koslof (BBO No. 691094)
                                        nkoslof@sullivanlaw.com
                                        SULLIVAN & WORCESTER LLP
                                        One Post Office Square
                                        Boston, MA  02109
                                        Tel.: (617) 338-2800
                                        Fax: 617-338-2880

**CERTIFICATE OF SERVICE**

I, Nathaniel R.B. Koslof, certify that on September 20, 2021, this document was served on counsel for the Defendant by electronic mail.

/s/      Nathaniel R.B. Koslof

Nathaniel R.B. Koslof