# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
(Boston)

| | |
|---|---|
| In the Matter of:<br><br>**NANCY ELLEN MCGINN,**<br>        Debtor.<br>—————————————————<br>**WALTER J. ENO,**<br>        Plaintiff,<br><br>v.<br><br>**NANCY E. MCGINN,**<br>        Defendant. | **Chapter 7**<br>**Case No. 19-11794 FJB**<br><br><br><br>**Adversary Proceeding No.: 19-01090 FJB**<br><br>**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSION OF LAW** |

This matter came before the Court in the Adversary Proceeding of Plaintiff, Walter J. Eno ("Plaintiff") and Defendant, Nancy E. McGinn ("Defendant") and together with Plaintiff, the ("Parties"), by and through their attorneys, to determine Defendant's right to discharge a disputed debt owed the Plaintiff.

## JURISDICTION AND VENUE

This court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to U.S.C. §1408 and 1409.

## FINDINGS OF FACT

1. On December 3, 1994, Defendant hit Plaintiff's son, Gregory Eno with her automobile on Main Street, Buzzards Bay located in the town of Bourne, Barnstable County, Massachusetts.

2. The collision caused Gregory Eno serious personal injury.

3. Bridget Sprague ("Ms. Sprague") was a witness to the incident and testified at trial on September 22, 2021. Ms. Sprague testified that Mr. Gregory Eno was "coming up the sidewalk . . . he stopped . . . He must have fallen from what I remember, and the car proceeded to go forward and as it did it ran the gentleman over." Ms. Sprague went on to testify that she saw the Defendant then back over Gregory Eno, get out of her car and look underneath, and then pull forward, running over Mr. Eno again. Then she testified that the Defendant took off.

4. Ms. Sprague testified that she was interviewed by members of the Bourne Police Department. Ms. Sprague also testified that other individuals witnessed the incident and were interviewed at the scene by members of the Bourne Police Department, but that she did not know the identity of the other witnesses. Ms. Sprague testified that she believed that Bourne Police Department performed a competent investigation. Ms. Sprague further testified that she testified in what she believed was Barnstable District Court regarding the incident, but could not recall exactly the nature of the hearing or the date.

5. Nancy McGinn, Defendant, testified that she was picking up a friend the day of the incident from Main Street, Buzzards Bay, to give her a ride. She had gotten out of her vehicle to look for her friend and was parked for a matter of minutes. When she got back into her car, she started to drive off and heard a 'thump' at which time she got out, looked, saw what had happened and drove off in a panic. She later turned herself in to the Bourne Police Department where she was given a citation and a date to appear in court. She was not arrested.

6. Criminal charges were brought against Defendant in Barnstable District Court, Case No. 9425-cr-009012. ("The Criminal Action").

7. Ultimately, on July 13, 1995, Defendant admitted to sufficient facts and was found guilty by the Court of (i) leaving the scene of a personal injury, G.L.c. 90, § 24 (2) (a

½) (1), (ii) negligent operation of a motor vehicle, G.L.C.  Ms. McGinn was sentenced to probation and community service.  She was discharged from probation satisfactorily.

8. On November 7, 1997, Gregory Eno brought a civil lawsuit against Defendant in Plymouth Superior Court, Case No. 97-1423-1/2B.  ("The Civil Action").  Attorney Christopher Mathers testified that he recalls preparing the suit, but he did not file it, and that Gregory Eno had filed the same pro se.  Attorney Mathers testified that he had prepared his typical negligence suit for an automobile accident for Gregory Eno to file and that no other causes of action were contained within the Complaint.

9. On July 6, 1998, Attorney James T. Conery, Jr. entered an appearance for Defendant.  Also on July 6, 1998, Defendant filed an answer and counterclaim against Gregory.

10. On November 12, 1998, the Plymouth Superior Court defaulted Defendant for failing to appear at a pretrial conference.

11. Attorney Mathers went on to testify that he had no contact with Gregory Eno until approximately sometime in 1999.  Gregory Eno had come to him for representation in another accident that he was involved in and had also sought assistance in bringing the Civil Action to a conclusion.  Attorney Mathers further testified that there was an insurance claim in connection with the incident of December 3, 1994.

12. Attorney Mathers testified that at one time, he had a police report within his possession for the incident that occurred on December 3, 1994, however, he no longer had possession of a report.  No police reports were introduced or available for the trial held on September 22, 2021.

13. On November 30, 1999, the Plymouth Superior Court issued a Judgment by Default Upon Assessment of Damages, (1) ordering a damages award against the Defendant

in the amount of $1,350,000 not including interest, and (ii) dismissing Defendant's counterclaim against Gregory for failure to prosecute. Gregory Eno was represented by Attorney Mathers at the assessment hearing per the testimony of Attorney Mathers.

14. On January 5, 2000, the Plymouth Superior Court issued an execution of judgement in the amount of $1,04,018.25 (including interest that had been incurred to date).

15. Gregory Eno died in 2015.

16. On August 31, 2016, the York County Probate Court in the State of Maine appointed Plaintiff as Gregory's Personal Representative. Plaintiff testified that he believed that the estate was still 'open' at the time of the trial of this matter on September 22, 2021.

17. In 2017, Defendant received a letter from Plaintiff referencing a civil lawsuit in Plymouth Superior Court, whereby the Court allegedly awarded a sum of money to Gregory Eno in 1999. Up until this time Defendant had no knowledge of the lawsuit as she was never served with a summons and or a copy of the Complaint. The Defendant testified that while she had previously met James T. Conery Jr., it was while he was still a law student and that she had never engaged him to represent her in the Civil Action.

18. On or about November 11, 2018, the Plymouth Superior Court entered an order substituting Plaintiff for Gregory as the named Plaintiff in the civil action.

19. On or about March 28, 2019, the Plymouth Superior Court (i) entered an order approving the attachment of Defendant's wages in the amount of $135,000 and (ii) issued a writ of attachment of wages.

20. On April 9, 2019, the Plymouth Superior Court opened a new docket, Case Number 1983-cv-00375, to "reconstruct" Case No. 97-1223 1/2B.

21. On April 11, 2019, the Reconstructed Civil Case, the Plymouth Superior Court entered an Amended Judgment for Plaintiff and against Defendant in the amount of $4,825,473.75.

22. On May 10, 2019, the Plymouth Superior Court entered a Writ of Execution on Money Judgment in the amount of $487,151.35.

24. On May 27, 2019, Defendant filed her bankruptcy petition with this Court, in which she identified Plaintiff's "personal injury claim" as a "disputed" claim in the amount of "$4,000,000.00."

25. On July 9, 2019, Plaintiff filed his Proof of Claim for $1,972,151.36.

26. On August 1, 2019, Plaintiff initiated this adversary proceeding.

27. On September 9, 2019, the Court (Hon. Melvin S. Hoffman) entered an Order of Discharge.

28. By this adversary proceeding, Plaintiff seeks a declaration that Defendant's debt to him - - based on the personal injury of his late-son Gregory - - is nondischargeable because the debt is for Defendant's "willful and malicious injury" (as provided by 11 U.S.C. § 523(a)(6).

29. Plaintiff withdrew his claim under 11 U.S.C. § 523(a)(9) at the close of evidence.

## CONCLUSIONS OF LAW

30. Section 523 (a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

31. The Court must determine whether the debtor both willfully and maliciously caused the injury.

32. The party seeking to avoid the discharge of the debt bears the burden of proving, by a preponderance of the evidence, that the section 523 (a)(6) exception to discharge applies.

33. In *Kawaauhau v. Geiger*, the Supreme Court held that negligent or reckless conduct does not constitute "willful and malicious" conduct and does not fall within the section 523(a)(6) exception to discharge. 523 U.S. 57, 118 S. Ct. 974 (1998).

34. Further, the section 523 (a)(6) exception to discharge is limited to conduct which may be classified as "intentional torts" and does not encompass conduct which is merely negligent. . . the (a)(6) formulation triggers in the lawyer's mid the category "intentional torts" as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply the act itself." *Id. See also* 4 Collier on Bankruptcy 523.12 (Alan N. Resnick & Henry Sommer eds., 16th ed.)

35. A claim or judgment based merely upon negligence is not willful and malicious injury within the exception, even if the negligence is alleged to be reckless and wanton. *Id*.

## CONCLUSION

The evidence received at trial does not support Plaintiff's claims that Debtor deliberately or intentionally caused the injury to Plaintiff's son Gregory Eno on December 3, 1994. Thus, the plaintiff has failed to carry his burden of establishing the requirements of nondischargeability under section 523(a)(6).

The testimony and evidence received at trial concerns an event that occurred nearly 27 years ago. The witnesses who testified had somewhat limited recollection as to the specific events. What is known is that in 1995, Defendant admitted sufficient facts and was found guilty

of leaving the scene of an accident, negligent operation of automobile and failing to notify the Registry of Motor Vehicles of a Name/Address change in the criminal action and later, in the civil action, was found liable for negligence after a default judgment was entered and damages assessed. Both the criminal action and the civil action sounded in negligence with regard to the basis for the injury to Gregory Eno. The Court records reveal no indication of an intentional act.

While Ms. Sprague offered testimony that Ms. McGinn's conduct on December 3, 1994 amounted to a felonious assault and possibly attempted murder, that testimony should be discounted by this court. Testimony was adduced that there were other witnesses to the incident who were interviewed by Bourne Police Department, along with Ms. Sprague. After the criminal investigation, Nancy McGinn was charged with of leaving the scene of an accident, negligent operation of automobile and failing to notify the Registry of Motor Vehicles of a Name/Address change. If the Court accepts Ms. Sprague's account of the events, the Court would need to conclude that at the time of the events, both the Bourne Police Department and the Cape and Island's District Attorney's office were woefully incompetent and derelict of their respective investigative and prosecutorial duties. Unfortunately, due to the nearly 27 years that have elapsed, no police reports, identities or locations of witnesses were available to present to this Court. To find the within debt dischargeable based on the quality and incompleteness of the evidence presented in the trial held on September 22, 2021 would be patently unfair to the defendant and would be a violation of her right to due process.

For the foregoing reasons, Defendant prays the Honorable Court dismiss Plaintiff's claim under section 523(a)(6) with prejudice.

Dated October 6, 2021            NANCY E. MCGINN
                                 The Debtor/Defendant
                    BY:
                                 /s/ Jennifer D. Joakim
                                 Jennifer D. Joakim BBO#645113
                                 Law Office of Jennifer D. Joakim
                                 71 Route 6A, Suite 3
                                 P.O. Box 148
                                 Sandwich, MA 02563
                                 (402) 784-2202
                                 atyjdj@aol.com